LOUIS B. BUTLER, JR., J.
¶ 82. (<dissenting). The majority concludes that the home bleachers at Darlington High School purchased in 1969 constitute an "improvement to real property" for purposes of Wis. Stat. § 893.89 (2001-02),[1] and that § 893.89 does not violate Article I, Section 9 of the Wisconsin Constitution. Majority op., ¶ 10.1 agree, and join the majority's *50 opinion with respect to its decision on these issues. The majority further concludes that § 893.89 does not violate the equal protection clauses of the federal[2] and state constitutions.[3] Id. For the reasons stated by this court in Kallas Millwork Corp. v. Square D Co., 66 Wis. 2d 382, 225 N.W2d 454 (1975), and Funk v. Wollin Silo & Equipment, Inc., 148 Wis. 2d 59, 435 N.W.2d 244 (1989), I disagree. I therefore respectfully dissent from that portion of the decision.
r-H
¶ 83. Twice before this court has struck down predecessors to Wis. Stat. § 893.89. A careful review of those cases reveals that Wis. Stat. § 893.89 remains unconstitutional.
¶ 84. In Kallas, this court determined that the predecessor statute to Wis. Stat. § 893.89, Wis. Stat. § 893.155 (1971),[4] violated constitutional guarantees of equal protection under the United States and Wiscon *51 sin Constitutions. Kallas, 66 Wis. 2d at 391, 393. The issue was whether there were "any real differences to distinguish the favored class — those persons who perform and furnish the 'design, planning supervision of construction or construction' of improvements to real property — from other classes, such as materialmen, who are ignored by the statute, and owners and occupants, who are specifically excepted." Id. at 389. This court concluded there were not. It was unreasonable to provide "special and unusual immunities" to those persons "performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property." Id. at 388, 391. As the Kallas court concluded: "it is ludicrous to permit a recovery against a manufacturer of a negligently formulated mortar or adhesive, but to deny a recovery against an architect who negligently designed a cornice or fagade so that its fall was inevitable." Id. at 391-92.
¶ 85. Months after this court's decision in Kallas, the legislature scrambled to revise Wis. Stat. § 893.155 and eventually created Wis. Stat. § 893.89 (1979-80).[5] *52 In an attempt to bypass Kallas, the legislature included "surveyors" and "material suppliers" (that is, those who merely furnish materials) to the protected class and deleted the sentence that excluded "owners and occupiers." See Funk, 148 Wis. 2d at 66, 73.
¶ 86. The statute was again challenged, and in Funk, this court again struck down the statute as violating equal protection. Id. at 77. The Funk court observed that the legislature attempted to justify its distinction between persons who had a hand in planning, design, and construction of improvements against those who subsequently own and occupy the property by noting that the former lacked control "over other forces, uses and intervening causes" that caused strain on the improvements. Id. at 66-67. " 'Control,'" this court wrote, "is irrelevant to the fundamental problem the statute purportedly addresses, the long term liability — the 'long tail of liability' — that accompanies torts of commission or omission in the construction of durable buildings." Id. at 74. In the end, this court noted that the protected persons would never be liable for negligence arising from the owner's and occupier's failure to adequately control the property. Id. at 75. If the legislature was actually concerned with protecting those without "control," then this court noted that "component parts manufacturers" should also be protected. Id. at 76.
¶ 87. Thus, while the legislature purported to cure the under-inclusiveness that invalidated the statute in Kallas, this court in Funk concluded that "it failed to do so in a meaningful way." Id. Because "[t]he *53 statute still affords its protection and favors without a reasonable and rational basis," this court concluded the statute violated equal protection. Id. at 77.
¶ 88. Following this court's decision in Funk, the legislature amended Wis. Stat. § 893.89. A number of changes were made: owners and occupiers were included in the protected class and a number of exceptions were carved out. See § 893.89 (2001-02). What is critical here, however, is that the legislature excluded a key class:
This subsection does not affect the rights of any person injured as the result of any defect in any material used in an improvement to real property to commence an action for damages against the manufacturer or producer of the material.

Id.

¶ 89. This exclusion reflects the exact same problem identified by this court in Kallas 30 years ago: "it is ludicrous to permit a recovery against a manufacturer of a negligently formulated mortar or adhesive, but to deny a recovery against an architect who negligently designed a cornice or fagade so that its fall was inevitable.”[6] Kallas, 66 Wis. 2d at 391-92 (emphasis added).
¶ 90. If it was ludicrous then, it is ludicrous now. Nothing has changed. Negligent designers cannot lawfully be granted "special and unusual immunities." Id. at 388. Because the legislature has made the same error, this court must strike down Wis. Stat. § 893.89 on equal protection grounds.
¶ 91. The majority minimizes this problem by attempting to rationalize a distinction between a "ma *54 terial producer" that designs or produces a defective material and places that material in the stream of commerce from one who merely installs an improvement. Majority op. at ¶¶ 70-71. "[Excluding material producers from protection from liability when liability is based on defects in material is rational because those defects will exist regardless of the use to which the material is put." Id., ¶ 69. Further, the defective material "itself remains defective throughout the life of the project in which it is used." Id., ¶ 70.
¶ 92. The circumstances here indicate why this distinction is not rational. The majority has simply skated over the fact that ITW was not only the installer of the bleachers, it was also the designer of the bleachers. The Kohns have alleged that the bleachers were defectively designed. As such, the Kohns contend that the bleachers were "defective throughout the life of the project." There continues to be no rational distinction between protecting defective designers but not defective manufacturers. Our decisions in Kallas and Funk still directly control the outcome of this case, and I see no reason to abandon these precedents now.
I — 1
¶ 93. Based on the majority's own reasoning, this court should still strike down Wis. Stat. § 893.89 as violating equal protection.
¶ 94. The majority suggests that "[r]ather than drawing arbitrary profession-based distinctions, as did the statutes at issue in Kallas and Funk, the current version of § 893.89 draws distinctions based on the conduct of certain individuals." Majority op., ¶ 65. The majority asserts that Wis. Stat. § 893.89 "protects all persons involved in the improvement to real property *55 but does not protect individuals whose liability arises based on conduct occurring prior to or subsequent to the improvement." Id., ¶ 68. On this basis, the majority states that the statute is constitutional.
¶ 95. That conclusion, however, again disregards what the Kohns have alleged here. Aside from claiming that the bleachers were negligently constructed, the Kohns specifically allege that the bleachers were "inherently unsafe" due to their "negligent design." The Kohns further allege that "[b]ecause of the dangerously defective nature of the bleachers that existed when the product left the possession or control of the seller [ITW], the product caused harm." If conduct is the touchstone that saves the statute, when exactly does the majority think the design specifications were made for the bleachers?[7] During construction? After construction?
¶ 96. The conduct is clearly alleged to have occurred "prior to . . . the improvement." See id. Because that conduct is not protected while other conduct is, the statute is under-inclusive under the majority's own reasoning.
*56 ¶ 97. I would therefore affirm the decision of the court of appeals. For the foregoing reasons, I respectfully dissent.
¶ 98. I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON joins this dissent.

 Article Xiy Section 1, Amendments to the United States Constitution, provides in pertinent part that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws."

 Article I, Section 1 of the Wisconsin Constitution provides in pertinent part that "[a]ll people are born equally free and independent, and have certain rights; among these are life, liberty and the pursuit of happiness ..."

 Wisconsin Stat. § 893.155 (1971) provided:
Within 6 years. No action to recover damages for any injury to property, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall he brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 6 years after the *51 performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action.

 Wisconsin Stat. § 893.89 (1979-80) provided:
Action for injury resulting from improvements to real property. No action to recover damages for any injury to property, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, land surveying, planning, supervision of construction, materials or construction of such improvement to real property, more than 6 years after the *52 substantial completion of construction. If the injury or defect occurs or is discovered more than 5 years but less than 6 years after the substantial completion of construction, the time for bringing the action shall be extended 6 months.

 Regardless of whether this was the chief objection to the statute or not, it was a constitutional infirmity that this court recognized then and still exists today.

 The narrow focus of the majority's "conduct" rationale is troublesome for another reason. That distinction would protect custom designers (which I gather from the majority opinion as meaning those who design and forge improvements specifically for the requested project, see majority op., ¶¶ 73-74) while it excludes mass production designers (by mass production designers, I mean those who design and manufacture certain products on a wide-scale basis that could later constitute "improvements"). First, I see no rational basis for this distinction. Second, this is a major sub silencio departure from Kallas Millwork Corp. v. Square D Co., 66 Wis. 2d 382, 225 N.W.2d 454 (1975), and Funk v. Wollin Silo & Equipment, Inc., 148 Wis. 2d 59, 435 N.W2d 244 (1989).